UNITED STATES DISTRICT COURT

Northern District of California

San Jose Division

| | |
|---|---|
| CYNTHIA CALDWELL,<br>        Plaintiff,<br><br>    v.<br><br>PARAMOUNT RECOVERY SERVICES,<br>INC., et al.,<br>        Defendants.<br>_____/ | No. C 10-1308 PJH<br><br>**ORDER GRANTING REQUEST FOR DEFENDANT'S REPRESENTATIVE AND INSURER REPRESENTATIVE TO ATTEND THE MEDIATION TELEPHONICALLY**<br><br>Date:        September 14, 2010<br>Evaluator:  Gregory Walker |

IT IS HEREBY ORDERED that the requests for defendant's insurer representative, David Haggarty, and its party representative, Scott Caudill, to be excused from personally attending the September 14, 2010 mediation session before Gregory Walker are GRANTED. Mr. Haggarty and Mr. Caudill shall be available by telephone at all times to participate in the mediation in accordance with ADR L.R. 6-10(f).

Defense counsel's letter setting forth defendant's requests, however, requires a more instructive response than simply granting or denying the requests. The Court is quite troubled by defense counsel's assertion – which could be read as verging on a threat – that unless the Court excuses defendant's insurer and party representatives from personally attending the mediation session, the defendant "...and Travelers will send a local representatives (sic) on their behalf." Under ADR L.R. 6-10 (a)(1), a party may not "hire out" its responsibilities to attend and participate in a mediation conducted through the Court's ADR program.

This rule provides that a corporation must be "…represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case." Further, the rule defines "party representative" more specifically for situations where authority to settle is vested only in a governing board, claims committee, or similar body. In such situations,

"…the party must send the person…who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept settlements." Hiring a "local representative" could not conceivably meet these carefully defined standards. Such a "local representative" could not have final authority to settle or be fully knowledge about the case, nor could a "local representative" fully understand the defendant's position or its settlement procedures and policies. Defense counsel essentially acknowledges that her client's "local representative" would be in violation of this rule by stating in her letter that such a representative would not "...be as familiar with the case and will not be the person that is ultimately handling the case on behalf of PRS...."

The Court has granted these requests for telephonic participation based on the nature of this case, the amount at stake, and the lack of objection from plaintiff's counsel, not as a result of defense counsel's apparent, implied threat. Defense counsel is directed to make certain that any future requests of this nature she makes comply fully with the ADR Local Rules and to refrain from suggesting to this Court that her client will violate the ADR Local Rules if her request is denied.

IT IS SO ORDERED.

September 7, 2010         By:         *Elizabeth D. Laporte*
Dated                                  Elizabeth D. Laporte
                                       United States Magistrate Judge